UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN B.,

                                                                                       DECISION AND ORDER

                                 Plaintiff,

                                                                                       21-CV-0252L

                                 v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                 Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On August 28, 2018, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since October 1, 2013. (Dkt. #6 at 15). His applications were initially denied. Plaintiff requested a hearing, which was held on July 7, 2020 via teleconference before administrative law judge ("ALJ") Paul Georger. The ALJ issued a decision on August 4, 2020, finding plaintiff not disabled. (Dkt. #6 at 15-26). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 23, 2020. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #7), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #8). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.     The ALJ's Decision

Plaintiff was born April 23, 1977, and was 36 years old on the alleged onset date, with a high school education and past relevant work as a sales attendant and produce clerk. (Dkt. #6 at 24). His medical records reflect diagnoses and/or treatment for the following impairments, which the ALJ found to be severe impairments not meeting or equaling a listed impairment: history of pulmonary embolism, tachycardia (elevated heart rate), migraine headaches, obesity, degenerative disc disease of the lumbar spine, major depressive disorder, and generalized anxiety disorder. (Dkt. #6 at 18).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has a moderate limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a moderate limitation in adapting or managing himself. (Dkt. #6 at 19). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, with no more than occasional climbing

of ramps, stairs, ladders, ropes, and scaffolds, balancing, stooping, kneeling, crouching, crawling, and/or working in vibration. Plaintiff can tolerate no more than moderate noise, and is limited to simple, routine, repetitive tasks that do not require a production rate pace. He can make simple work-related decisions, and interact no more than occasionally with supervisors, coworkers, and the public. (Dkt. #6 at 20).

When presented with this RFC as a hypothetical at the hearing, vocational expert Linda N. Vause testified that such an individual could not perform plaintiff's past relevant work as a sales attendant or produce clerk, but could perform the representative light exertion positions of photocopy machine operator, routing clerk, and marker. (Dkt. #6 at 25). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's RFC Determination

Plaintiff argues that the ALJ failed to properly consider the limiting effects of plaintiff's migraine headaches on his ability to perform the functional requirements of work, and thus reached an RFC determination unsupported by substantial evidence.

Specifically, plaintiff claims that the ALJ erred in failing to fully credit plaintiff's testimony that he suffered from migraine headaches twice per week, lasting from a few hours to multiple days, with symptoms of photophobia (sensitivity to light), sonophobia (aversion to loud noises), and blurry vision. (Dkt. #7-1 at 10-11).

In determining plaintiff's RFC with reference to his migraine headaches, the ALJ reviewed plaintiff's treatment history, as well as his self-reported activities of daily living such as personal care, cooking, cleaning, and shopping, and determined that although plaintiff had testified to frequent, disabling migraines, "[t]he claimant's often noted alert and oriented status and lack of

distress further suggests that the claimant's pain, headaches, and alleged medication side effects are not as severe or as frequent as alleged." (Dkt. #6 at 22-23).

Nonetheless, to the extent that the medical opinions of record suggested any limitations stemming from plaintiff's migraine headaches, the ALJ fully credited them. Agency physicians Dr. J. Poss and Dr. H. Miller reviewed the record on January 2, 2019 and March 11, 2019 respectively, and opined that due to a history of migraine headaches, plaintiff should avoid concentrated exposure to noise and vibrations. (Dkt. #6 at 64-65, 91-92). The ALJ found their opinions "not persuasive" overall, because the agency reviewers failed to indicate any postural or exertional limitations or severe mental impairments, despite ample record evidence concerning plaintiff's treatment for such impairments. Nonetheless, the ALJ adopted "the limitation to avoidance of concentrated exposure to noise and vibration" because it was "consistent with the claimant's history of migraine headaches," and included it in his RFC determination. (Dkt. #6 at 24). Further, consistent with plaintiff's testimony that physical exertion and stress were migraine headache triggers, the ALJ included limitations to light-exertion, simple, routine and repetitive work, with limited social contact, simple decision-making, and no production rate pace required. (Dkt. #6 at 20).

Other medical opinions of record are supportive of the ALJ's RFC finding as it relates to plaintiff's migraine headaches. Plaintiff's treating psychiatrist, Dr. John Fischer, provided multiple opinions concerning his RFC. The only opinion to mention plaintiff's migraine diagnosis, rendered March 11, 2020, did not specify any migraine-related symptoms or limitations. (Dkt. #6 at 1021-26). At his evaluation by consulting psychiatrist Dr. Susan Santarpia on November 2, 2018, plaintiff did not mention migraine headaches in describing his medical history, and Dr. Santarpia's objective findings concerning his mood, effect, attention and concentration, attention and

concentration, memory, cognitive functioning, insight, and judgment, were unremarkable. (Dkt. #6 at 741-45).

Furthermore, as the ALJ noted, in contrast to his hearing testimony, plaintiff had generally reported feeling well during primary care visits, had stated that treatment "improved" his headache symptoms and made them "more manageable," and consistently presented with normal neurological status and no indications of any visual impairment. (Dkt. #6 at 517, 522, 586, 703, 712, 717, 722, 725, 731, 748-49, 754-55, 757-58, 767-68, 778-79, 815-16, 844-46, 870-72, 887-89, 901, 903, 907).

Ultimately, it is plaintiff's burden to show that the extremely limited RFC determined by the ALJ failed to account sufficiently for the limitations caused by his severe impairment of migraine headaches. *See Jessica W. v. Commissioner*, 2022 U.S. Dist. LEXIS 20670 at *11 (W.D.N.Y. 2022) ("the burden to provide evidence to establish the RFC lies with Plaintiff")(citing *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009)(the burden is on plaintiff to show that she cannot perform the RFC determined by the ALJ)). I find that he has not satisfied that burden, and that the ALJ's decision was supported by substantial evidence, including plaintiff's treatment notes and all of the pertinent medical opinions of record, and was not the product of legal error.

## CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not the product of legal error. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #7) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #8) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 3, 2023.